Filed 10/14/14  P. v. Piedra CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EMILIO PASCUAL PIEDRA,<br><br>    Defendant and Appellant. | D064564<br><br><br><br>(Super. Ct. No. SCN306903) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Emilio Pascual Piedra guilty of one count of spousal abuse (Pen. Code, § 273.5, subd. (a)), one count of child endangerment (§ 273a, subd. (a)), and one count of hit and run with injury (Veh. Code, § 20001, subd. (a)).

Because of one prior strike conviction under Penal Code sections 667, subdivisions (b) through (i), 1170.12 and 668, which Piedra admitted, the court sentenced Piedra to a prison term of 12 years eight months.

Piedra timely appealed from the judgment of conviction. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed counsel filed a brief on behalf of Piedra setting forth the facts of the case and requesting this court review the entire record. In addition, pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed counsel set forth the following possible, but not arguable, issues to assist us in conducting our *Wende* review: (1) whether the court, over a defense objection, properly instructed the jury with CALCRIM No. 332; (2) whether the court properly admitted a redacted recording of a witness's 911 call; (3) whether there is sufficient evidence to support the child endangerment conviction; (4) whether the trial court erred in failing to strike Piedra's prior strike conviction; (5) whether the court properly imposed consecutive sentences on the spousal abuse and child endangerment convictions; and (6) whether there was sufficient evidence to support the spousal abuse conviction.

On our own motion, we gave Piedra 30 days to file a brief on his behalf with this court. Piedra has not filed a brief.

BACKGROUND

On June 2, 2012, Piedra met his estranged wife, Claudia Martinez, at a parking lot in Oceanside. Martinez brought their 11-month-old daughter, Emme, with her so that Piedra could see Emme. At that point in time, Piedra was homeless.

When Martinez arrived, Piedra began arguing with her. During the course of the

2

argument, Martinez got out of her car. As the argument escalated, Piedra tried to push Martinez back into her car. Martinez resisted and called for help. An employee of a nearby bank approached Martinez and Piedra and, in response, Piedra got in Martinez's car and drove away with Emme in the back seat. The bank employee called 911, and the employee and Martinez reported what had transpired to the dispatcher.

Law enforcement officers, alerted to Piedra's flight, located Piedra. One of the officers drove up next to Piedra, and Piedra took off; that officer and another law enforcement officer followed Piedra until, running a red light, Piedra hit a truck being driven by Joel Banuelos. Banuelos estimated that Piedra was going approximately 60 miles an hour at the time of the collision. After Piedra hit Banuelos's truck, his car hit a third car. Banuelos's two teenage children were in the truck with him, and one was transported to the hospital in an ambulance complaining of back pain. She was released from the hospital later that day and underwent physical therapy following the accident.

Piedra's daughter, Emme, was airlifted to a local hospital and treated for cuts on her face from broken glass and a bruise near her right eye. Piedra fled from the scene of the collision on foot and was later apprehended.

## DISCUSSION

With respect to the possible issues set forth by counsel, we find no grounds for reversal: At trial, the prosecution presented evidence from an accident reconstructionist, who offered his opinion with respect to how the collision between the car Piedra was driving and Banuelos's truck occurred. In light of that testimony, CALCRIM No. 332, which advises the jury with respect to how they should evaluate expert testimony, was

3

appropriate.

Piedra's counsel objected to a portion of the redacted 911 recording in which the bank employee describes Piedra as being approximately 25 years old; other witnesses at the scene can also be heard confirming that description. The trial court properly admitted both the bank employee's statements and the other witnesses' confirmation under the spontaneous utterance exception to the hearsay rule. (Evid. Code, § 1240, subd. (b).)

Evidence Piedra was driving through a red light at excessive speed in order to avoid apprehension by law enforcement officers, with his infant daughter as a passenger, was more than sufficient to support Piedra's child endangerment conviction.

In light of the fact Piedra spent most of the time following his prior strike conviction in prison, the trial court did not abuse its discretion in denying his motion to strike the strike. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530.)

Martinez's and the bank employee's testimony was sufficient to support the spousal abuse conviction.

Finally, a review of the entire record pursuant to *Wende*, *supra*, 25 Cal.3d 436 has disclosed no other reasonably arguable appellate issue. Piedra has been adequately represented both in the trial court and on appeal.

DISPOSITION

Piedra's judgment of conviction is affirmed.

                                                                      BENKE, Acting P. J.

WE CONCUR:

McDONALD, J.

IRION, J.